STATE *vs.* JUDGE BERMUDEZ.

ON AN APPLICATION FOR A MANDAMUS.

A copy of a foreign will, authenticated only by an *ex parte* affirmation of an attorney in fact, is insufficient to authorize the judge of probates to register it in this state.

This is an application for a *mandamus*, commanding the judge of probates to enregister a foreign will.

*Josephs*, for the application, presented the petition of the testamentary executors of Samuel Hope, deceased, alleging that the will of the deceased was opened, duly proved and authenticated, and admitted to probate in Great Britain, where the deceased resided at the time of his death, a duly certified copy of which he presented to the judge of probates for the city and parish of New-Orleans, and prayed to have the same registered and made executory ; that the deceased owned certain shares of bank stock in one of the banks of this city, which is all the property belonging to his succession in this state.

The petitioners further show, that Judge J. Bermudez, judge of probates of said court, refuses to enregister said will, unless letters testamentary are taken out, and a dative testamentary executor appointed, &c. ; all of which would defeat the object and intention of the law.

The petitioners pray for a *mandamus*, commanding the judge to grant the order of registry as prayed for.

The judge returned for answer to the rule taken on him to show cause why the *mandamus* should not be awarded, the following grounds, &c. :

" The undersigned, judge of the Court of Probates of the parish and city of New-Orleans, in answer to the rule taken upon him to show cause why he should not grant an order for the execution and registry of the will of the late Samuel Hope, according to articles 1681 and 1682 of the Louisiana Code, without imposing any conditions, nor requiring any

EASTERN DIST.
February, 1840.

STATE
vs.
JUDGE
BERMUDEZ.

formalities not provided for by said articles, begs leave to assign the following grounds, why said rule should not be made absolute :

"1st., Because the executors of the instrument annexed to the petition, and by them styled a will, have furnished no legal or sufficient evidence of the execution of said will, which is neither an authentic copy of the testament of the late Samuel Hope, nor otherwise proved so as to entitle it to registry in Louisiana.

"2d., Because, even if said will were duly authenticated, it by no means follows, that this respondent, in his capacity of judge of the Court of Probates, has no other duties to perform than those prescribed in the articles relied on by the complainants, nor that these provisions embrace the whole law of Louisiana in relation to the registry and execution of last wills and testaments made in foreign countries."

*Bullard, J.,* delivered the opinion of the court.

The judge of the Court of Probates for the parish and city of New-Orleans, in answer to the rule granted in this case, says, among other causes shown, that the executors of the instrument annexed to the petition, and by them styled a will, have furnished no legal or sufficient evidence of the execution of said will, which is neither an authentic copy of the testament of the late Samuel Hope, nor otherwise proved as to entitle it to registry.

The paper purporting to be a copy of the will has been, by consent, exhibited to this court. It is not, in our opinion, authenticated in such a way as to authorize the judge to register it, and to order its execution. It is shown to be a copy only by an *ex parte* affirmation by an attorney at law in England.

Let the rule be discharged.